**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 28, 2020**

# In the Court of Appeals of Georgia

A20A1011. PICKLESIMER et al. v. CITY OF EATONTON et al.

MCFADDEN, Chief Judge.

Brian and Jennifer Picklesimer sued the city of Eatonton and its public works superintendent for injuries Jennifer Picklesimer sustained when the Picklesimers' vehicle ran off the road. They also sought damages for Brian Picklesimer's loss of consortium. The trial court dismissed their complaint against the city and the public works director in his official capacity on the ground that their ante litem notice did not comply with OCGA § 36-33-5 (e) in that it failed to include the specific amount of monetary damages they demanded from the city, the equivalent of an offer to settle that could be accepted by the city. On appeal, the Picklesimers argue that their notice substantially complied with the statute.

But it does not. It is settled that a notice does not substantially comply with subsection (e) unless it sets out a specific amount that constitutes an offer that could be accepted by the municipality. In light of that settled rule, we do not reach the unsettled question whether substantial compliance with the statute is sufficient or strict compliance is required.

We review the grant of a motion to dismiss a complaint de novo. *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019). The Picklesimers' complaint alleged that Jennifer Picklesimer was injured when the Picklesimers' vehicle ran off the roadway and crashed into an embankment. They alleged that the configuration of the roadway and deficient signage caused the crash. Within six months of the accident, the Picklesimers delivered an ante litem notice to the city that provided:

> Jennifer Picklesimer has incurred medical expenses in excess of $25,000 to date and is likely to incur additional medical expenses in the future. Jennifer Picklesimer has also experience[d] mental and physical pain and suffering as a result of the incident, in an amount to be determined by the enlightened conscience of a fair and impartial jury. Jennifer Picklesimer was unable to work due to her injuries from the date of the incident until June 19th, and has suffered loss wages in an amount in excess of $3,900.00. . . . Brian Picklesimer. . . has suffered damages in the form of loss of consortium due to Jennifer Picklesimer's personal

2

injuries. The amount of damages of loss of consortium must be determined by the enlightened conscience of a fair and impartial jury. Based on the severity of claimants' injuries and damages, claimants reasonably expect that the total damages suffered as a result of this incident are likely to exceed $100,000.00.

The city responded that: "Our review of the roadway in question reveals that it is properly signed with sharp curve warning signage. Since there is no negligence upon the City or City employees for this accident, we respectfully decline to meet any demand as outlined in your ante litem notice."

The Picklesimers filed a complaint against the city and the public works superintendent in his individual and official capacities, and the city and the superintendent (in his official capacity only) moved to dismiss on the ground that the ante litem notice did not comply with OCGA § 36-33-5 (e). The trial court granted the motion, we granted the Picklesimers' application for interlocutory appeal, and this appeal followed.

Under OCGA § 36-33-5, a person seeking to assert a claim against a municipal corporation for money damages must, within six months of the event on which the claim is based, "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury,

3

as nearly as practicable, and the negligence which caused the injury." OCGA § 36-33-5 (b). In 2014, the General Assembly added the following paragraph to § 36-33-5:

> The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

OCGA § 36-33-5 (e); see Ga. L. 2014, pp. 125, 126, § 1. The trial court dismissed the Picklesimers' complaint for failing to comply with this provision.

The Picklesimers argue that their ante litem notice substantially complied with OCGA § 36-33-5 (e) because the amount of damages listed was sufficiently specific and the notice provided sufficient information for the city to investigate their claim and to decide whether to settle. We disagree.

Whether OCGA § 36-33-5 (e) requires substantial or strict compliance is not clear; neither we nor our Supreme Court has expressly decided the issue. See *Pickens v. City of Waco*, 352 Ga. App. 37, 41 (1) (833 SE2d 713) (2019). But we need not resolve the issue here because under either standard, the Picklesimers' ante litem notice was insufficient.

4

The Picklesimers' statement that their claim likely exceeded $100,000 "merely provided an estimate of potential damages, and was not 'the specific amount of monetary damages being sought from the [c]ity,' (i.e. a settlement offer which the [c]ity could have accepted) as contemplated by the unambiguous language of OCGA § 36-33-5 (e)." *Pickens*, 352 Ga. App. at 42-43 (1) (punctuation omitted). "[A] notice does not substantially comply with subsection (e) *unless a specific amount is given that would constitute an offer that could be accepted by the municipality*." Id. at 43 (1) (citation omitted; emphasis in original).

> Even under a standard of substantial compliance, we cannot say that [the Picklesimers'] statement convey[ed] the specific amount of monetary damages being *sought* from the [c]ity, nor was it specific enough to constitute an offer of compromise that could be accepted by the [c]ity. . . . An unknown number above [$100,000] is too indefinite to constitute a binding offer of settlement.

*Manzanares*, 352 Ga. App. at 296-297 (1) (emphasis in original). Cf. *City of Lafayette v. Chandler*, 354 Ga. App. 259 (840 SE2d 638) (2020) (ante litem notice stating that plaintiff "will seek to recover $1,000,000.00 (one million dollars) in monetary damages" satisfied the requirements of OCGA § 36-33-5 (e)). The Picklesimers' listing the specific amount of medical expenses that Jennifer Picklesimer had incurred

5

and wages she had lost does not change that fact. Damages incurred are not damages sought.

The Picklesimers argue that their notice was sufficient because it gave the city the opportunity to investigate the claim and to make an informed decision as to whether to deny the claim, which it did when it denied liability. "[T]he fact that the [c]ity [could investigate the Picklesimers'] claim in response to [their] written ante litem notice and [that the city] denied liability does not remedy [the Picklesimers'] failure to comply with the requirements of the ante litem notice statute." *Pickens*, 352 Ga. App. at 45 (2) (b).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.